J-S27004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORDELL D. STOKES | : | |
| | : | |
| Appellant | : | No. 2345 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002909-2022

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED NOVEMBER 21, 2024**

Cordell D. Stokes appeals from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after the court convicted him in a non-jury trial of one count each of kidnapping,[1] aggravated assault,[2] simple assault,[3] unlawful restraint,[4] possession of an instrument of crime,[5]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A § 2901.

[2] *Id.* at § 2702(a)(4).

[3] *Id.* at § 2701.

[4] *Id.* at § 2902.

[5] *Id.* at § 907.

terroristic threats,[6] and false imprisonment.[7]  On appeal, Stokes challenges the admission of certain evidence he claims is inadmissible hearsay and/or inadmissible witness bolstering.  Because the evidence was admissible for the non-hearsay purpose of showing the effect on the listener, and it was not considered for the truth of the matter asserted, we affirm.

The trial court set forth the disturbing facts of this case as follows:

[The victim] testified that [Stokes] (her ex-boyfriend) invited her to his house on Tioga Street in Philadelphia.  While they were in his bedroom, they talked and smoked marijuana.  [The victim] recalled feeling disoriented from the marijuana.  [Stokes] became upset and accused [the victim] of seeing another man.  [Stokes] then struck [the victim] in the face with a hammer.  Over the next 24 to 36 hours, [Stokes] subjected [the victim] to torture and abuse, including cutting off all her clothes.  While [the victim] was naked[, Stokes applied] duct tape[] [to] her wrists and legs, [] beat[] her, shav[ed] her head and eyebrows, [] and sedated her by force-feeding her Flexeril pills.  [Stokes] locked [the victim] in a back room during this time and repeatedly threatened to kill her.

[The victim] managed to escape by jumping from a second-floor window but fell and suffered a broken back in the process.  [The victim] sought help from her neighbors, who took her to the hospital and alerted the police.  [The victim] eventually told the police[, including Officer Alyssa Bradley,] what had transpired, and they arrested [Stokes].

As a result of [Stokes'] abuse, [the victim] suffered serious bruises and swelling to her face, arms, legs[,] and chest.  [The victim] also broke her back while trying to escape.  [The victim's] right eye was swollen shut for three weeks and she received back surgery for the injuries she sustained while escaping from [Stokes].

Trial Court Opinion, 11/13/23, at 2 (internal citations omitted).

_____

[6] **Id.** at § 2706.

[7] **Id.** at § 2903.

At the non-jury trial, the Commonwealth sought to introduce, via the testimony of Officer Bradley, the victim's substantive statements recounting the assault. The victim made the statements in the hospital to Officer Bradley shortly after she escaped the assault and alerted neighbors and the police to the brutal events. The Commonwealth attempted to admit the statements pursuant to the excited utterance exception to the general rule that hearsay is inadmissible as well as to show the police officers' course of conduct, i.e. why police seized from the hospital nurses the victim's clothes and duct tape, which nurses removed prior to police arrival. *See* N.T. Non-Jury Trial, 5/2/23, at 80. Stokes objected to the admission of the victim's statements. The court sustained Stokes' objection in part, finding that it could not consider the statements for their truth, but overruled the objection insofar as the court found it could consider the statements for the non-substantive and non-hearsay, purpose of showing the effect of the statements on the listener, i.e. Officer Bradley. *Id.* at 80-86.

Thereafter, Officer Bradley recounted all of the statements the victim made in the hospital describing the assault, and explained that she seized from nurses certain articles of the victim's clothing and duct tape that had been removed prior to her arrival at the hospital. Officer Bradley subsequently recorded those items on police property receipts.

In addition to the victim's and Officer Bradley's testimony, the court heard the testimony of two officers, who described observations of the victim

and the victim's wounds in the hospital. The court also viewed corroborative photographic evidence.

Upon conclusion of the trial, the court convicted Stokes of the above-mentioned crimes and sentenced him to an aggregate term of 8 to 16 years' incarceration, followed by 5 years' probation. Stokes filed a timely notice of appeal. Stokes and the trial court complied with Pa.R.A.P. 1925.

On appeal, Stokes raises the following issue for our review:

> Did the trial court err when it permitted the Commonwealth to introduce the [victim's] out-of-court statements for a supposedly non-hearsay purpose, because once the statements could not be used for their truth, they were no longer relevant, and their only effect was to improperly bolster the credibility of the complaining witness?

Appellant's Brief, at 4.

Essentially, Stokes argues that because the court determined that the victim's statements, as testified to by Officer Bradley, could not be considered for their truth, there was no other relevant purpose for their admission, and thus, their admission resulted in impermissible bolstering of the credibility of the victim's trial testimony, which constitutes prejudice and reversible error. We disagree.

Our standard of review for a challenge to the court's admission of evidence is well-established:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus[,] our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only

- 4 -

be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012) (citations and quotation marks omitted).

As an initial point, we note that "a trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." ***Commonwealth v. Smith***, 97 A.3d 782, 788 (Pa. Super. 2014).

In ***Commonwealth v. Johnson***, 42 A.3d 1017 (Pa. 2012), our Supreme Court found that a police sergeant's testimony explaining that he collected a boot because a detective with whom he investigated the case "believed" the boot may have been used in the assault was properly admitted to show the sergeant's course of conduct in seizing the boot. ***Id.*** at 1035.

Here, we find this case is governed by our Supreme Court's decision in ***Johnson***. In the instant case, Officer Bradley's testimony regarding the content of the victim's statements made in the hospital was relevant to show course of conduct, i.e. why Officer Bradley seized the clothes and duct tape from nurses at the hospital, why she recorded those items on police property receipts, why officers responded to the Tioga Street home, and why Stokes was identified by police as a suspect. ***See Johnson***, ***supra***. Furthermore, the trial court is presumed to have ignored any inadmissible evidence or potential prejudice from the statements. ***See Smith***, ***supra***. As such, we discern no abuse of discretion by the trial court. ***See Lopez***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  11/21/2024